is the United States v. Macias. Let's wrap. Good afternoon, Your Honors. May it please the Court, Davie Rau on behalf of Ashant Roberto Macias. Section 2D.1.1 on the face of its text, and as confirmed by Begay, does not apply to perjury. But even if a perjury enhancement were applicable, Donegan is clear. The Constitution requires the District Court to make independent factual findings that encompass all of the elements of perjury before implying an enhancement for perjury. At sentencing in this case, the District Court did not mention perjury or 2D.1.1 at all, let alone make any required factual findings. So, at a minimum, and regardless of whether you think 2D.1.1 applies, this Court should vacate and remand for resentencing. We do have a waiver argument here. We do. The government argues that this argument was waived in the District Court. To be really clear, waiver requires an intentional relinquishment of a known right. And it's different from forfeiture, which is just an inadvertent failure to waive an issue. Waiver means that this Court cannot review the issue at all, whereas forfeiture means that plain error applies. The question is whether a known right was intentionally relinquished. This Court is cautious about interpreting a defendant's behavior as intentional relinquishment. The question, as articulated in United States v. Peels, is whether the defendant actively disclaimed the argument he now raises on appeal. That standard simply is not met in this case. Mr. Macias, at sentencing, raised two issues with regard to the calculation of his sentence. Neither was under 2D.1.1. We know that defense counsel was aware of the fact that 2D.1.1 was applying because he made a reference during sentencing about the fact that he thought it chilled a defendant's right to testify. But that only means he was aware that the enhancement was being applied. It says nothing about whether he knew that he had an argument either on the face of the statutory text or under done again. The government raises the Walton case, and we think that's distinguishable. In Walton, the question challenged at the district court was with regard to whether multiple images were found sufficient for the enhancement to apply. And then on appeal, the defendant said, I want to raise an additional issue, which is whether these images are sadomasochistic at all. And this Court said, no, that issue is waived. Walton is different from this case. The question in Walton was whether, at the district court level, the defendant raised an issue with regard to the exact same enhancement that he then tried to challenge on appeal. And based on the record as a whole, it was reasonable for this Court to think that the defendant considered the text and elements of the application of that particular enhancement, chose to raise one argument before the district court, and affirmatively disclaimed another argument. The facts of this case are quite different. There was a repeated concession on the part of defense counsel that there were no further objections. There was a debate about the leadership enhancement, I think, but other than that, no further objections to the other enhancements and the ultimate guidelines range, and that occurs repeatedly here. The waiver doctrine doesn't require an affirmative statement that I am giving up X. Of course, but it does require some awareness. It requires something in the record to think that the counsel was aware of the rights or arguments that they were giving us. Well, he raised it in his later discussion, recognizing that he was being assessed for this. So he did raise the fact that this enhancement was applying. So he was clearly aware that... So to be totally clear, yes, he was aware that a two-level enhancement was applying to his client, but that doesn't necessarily say anything about whether he knew he had statutory arguments or procedural arguments about the application. That's necessary. If he acknowledges that he's conceding the application of this enhancement, then that's enough for a waiver. He's acknowledging that the... And making no objection to it and has given away any objection to it. There does not have to be an awareness of specific arguments when we're talking about guidelines enhancements. If there's a specific on-the-record acknowledgment that I have no further objections to any guidelines enhancement that is listed in the PSR, that's good enough for a waiver. So the question is whether he knew he had a right to challenge this enhancement. No. The question is whether he... Yeah, well, in the abstract, yes. Every defense lawyer knows he has the ability to challenge the assessment of any enhancement under the guidelines. He doesn't have to... There doesn't have to be some sort of acknowledgment of an awareness of a particularized granular argument. That's not how the waiver doctrine works. So... It wouldn't be practical. There's nothing in this case to think that he... He knew he had a Dunnegan argument? Is that the bottom line? He didn't know he had a Dunnegan argument. That's not necessary. What's necessary is that he knew he was giving up any challenge to, on his client's behalf, any challenge to the application of this enhancement. That's how a waiver works in the guidelines context. The purpose of... So there's an inquiry under waiver about... So the question is whether it was unintentional or whether it was intentional. And when it's intentional, the court says, was there a strategic reason to give up the right? There wouldn't be an inquiry about whether the giving up of a right was strategic if the counsel didn't know this right existed. Lawyers on appeal and reviewing courts can always dream up a strategic reason. I wouldn't read that as a doctrinal requirement. Our later cases do not. So I think the point... I mean, so we're in agreement... And we can always characterize something as a non-strategic forfeiture. That's almost uniformly possible to do of a guidelines waiver. So we don't speculate about whether there was a strategic or non-strategic reason going on here. We just look at the record and determine whether there was an opportunity given to object to all the guidelines enhancements. That opportunity was discussed. And the attorney was given an opportunity here repeatedly to raise any further guidelines objections and declined to do so. And that's good enough for a waiver. Well, Your Honor, I respectfully disagree. The cases are clear that you do ask whether the relinquishment was intentional. And so then as part of that inquiry, you say, was there a strategic reason to have done it? And that's part of the whole review that this court undertakes. There would be no reason for courts to ever say, was there a reason to affirmatively waive this argument if the question was just, did the argument get raised? That's circular. I'd like to reserve the remaining time for Bob. That's fine. I'm going to have you pronounce your name. It's OK. May it please the court, my name is Esther Mignonelli on behalf of the United States. The district court here did not plainly err in enhancing the defendant's sentence based upon obstruction of justice. Specifically, the defendant's story that he was ignorant as to the source of the cash proceeds he transported was found by the court to be untruthful, implausible, and contradicted by numerous sources, including evidence related to the defendant's own conduct and statements made during the scope of the drug conspiracy that was charged and ultimately proven at trial. This court should affirm for three main reasons. First, it is the government's position that the defendant's current challenge to his guidelines calculation was waived in the proceedings below. But in addition, the district court properly applied the Chapter 2 obstruction enhancement to the defendant's perjury. And finally, any error raised in this appeal is harmless. As a matter of preliminary, as a preliminary matter, the defendant elected not to raise the issues currently raised before this court, as already discussed in the opening argument. But even if this court was not to find waiver with respect to some of the creative statutory construction arguments that have been raised before this court, this enhancement under Chapter 2 of the guidelines was properly applied to the defendant's perjury at trial. There are two different obstruction of justice enhancements within the guidelines. One resides within Chapter 2, which Chapter 2 relates generally to offense-specific conduct and relates to the specific offense that was charged and that the defendant was convicted of. Whereas Chapter 3 can relate to any defendant, no matter what kind of offense he or she was convicted of. In here, Subsection 2D relates to the types of narcotics offense, which was at issue in the trial below. 2D1.1 is the specific offense or the specific section that captures the offense that the defendant was charged with. And even further buried within that section is Subsection B15D, which contains the obstruction of justice enhancement, which only applies to defendants that are charged with a 2D1.1 offense and also to a defendant that has been involved and been given an aggravating role enhancement. And under the plain language of the guidelines, the fact that they both refer to the obstruction of justice, both Chapter 2 and the Chapter 3 obstruction enhancements should and do apply to perjury. One enhancement, the Chapter 2 enhancement, refers to otherwise obstructed justice in connection with the investigation or prosecution of the offense. The Chapter 3 enhancement that applies to all defendants applies to a defendant who willfully obstructed or impeded the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense. There is no reason provided within the guidelines or otherwise justifying that the court should read the word otherwise within one of the enhancements to ignore the guidance that's provided in the general Chapter 3 enhancement in terms of providing guidance to the court in terms of what kind of conduct is covered by the Chapter 2 enhancement. Here, as this court has stated in previous cases, the guidelines should be interpreted as a whole, and there was no error in the court referencing or relying upon the application notes of the Chapter 3 enhancement that clearly provides that the commission of perjury should and can be considered obstruction of justice in the sentencing context. Why would we engage in a reinterpretation as a matter of law when the issue wasn't raised, preserved below, discussed by the district court? And if it had been, then the district court would have had an opportunity to make some findings that hewed to the interpretation that was being advanced. That's correct, Your Honor. If this court finds, as it is the government's position, that this matter was waived within the district court, there is no reason for this court to engage in a reinterpretation or analysis of the interrelationship between these enhancements. Well, and the case illustrates why it's important to preserve these arguments and why we should enforce the waiver doctrine, because we're dealing with a very different sort of a record that we might have if the issue had been raised. That's correct, Your Honor, and the government is of the position that the defendant has provided no reason here for resentencing in this matter. Thank you. Thank you. Time? You've got two minutes left. Thank you. Your Honor, a few additional points about waiver. So, understandably, this court is concerned about second-guessing what happened in the district court on issues that weren't waived. But that's why unraised issues are reviewed under plain error. That's the standard that applies when the failure to waive was inadvertent. That's punishment enough. You don't need to find that the issue is totally unreviewable before this court. And to return to the discussion we were having earlier, the question, there's case law that says basically that a defense counsel saying, no further issues or you've addressed my issues is insufficient to find that the issue was intentionally not waived, which is the standard for waiver to apply. There's also case law that says the opposite. So, you know, the question is... Depends on the context and how many opportunities are given and then what else is said. Right. A defense counsel and defense counsel here said, I acknowledge that my client gets this penalty for perjury, and that's baked into the guidelines range, and so I'm arguing for leniency. So he conceded that it applied. Didn't just overlook an argument, but affirmatively conceded that it applied. Well, we clearly disagree about the correct interpretation of that, but putting that issue aside, the question is looking at the record as a whole, whether you think that this was an intentionally relinquished question. Like in Seals, there was one issue that was raised in the district court as to a particular enhancement, and the court held there was no evidence in the record to find that the issues raised in the Court of Appeals was actively disclaimed. And so they reviewed for plain error, and that's what I would submit should happen in this case. I would say it's particularly the district court, the defense counsel of the district court, did not know that he had an argument under Dunnigan, and the reason is because Dunnigan is a 3C1.1 case, and my client was sentenced under 2D1.1. So as a matter of sort of clearing up the application of these enhancements, I would submit in this case that it's just another reason why vacating and remanding for resentencing, which this court has held does not burden the judicial system very much, would be appropriate. Thank you. All right. Thanks to all counsel. The case is taken under advisement, and the court will be in recess until next week.